NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUANEN CHEN,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 23-766

Agency No.
A088-112-118

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 22, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Chuanen Chen, a native and citizen of China, seeks review of a decision of

the Board of Immigration Appeals (BIA) affirming an immigration judge's order

denying his application for asylum and withholding of removal. We have

jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Substantial evidence supports the BIA's determination that Chen's

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

experiences in China did not constitute past persecution. *See Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). Even assuming that Chen was credible and demonstrated "other resistance" to China's one-child policy, Chen still needed to establish that the mistreatment he suffered amounted to persecution. *Jiang v. Holder*, 611 F.3d 1086, 1093–95, 1097 (9th Cir. 2010). Chen did not claim that he was "physically harmed, arrested, or detained in China." *See id.* at 1095–97. Although he was required to pay a fine after his first daughter was born, he did not establish that he "suffered substantial economic disadvantage as a result." *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). The BIA acknowledged that Chen is the "spouse of a person who has undergone a forced abortion" in assessing whether he established past persecution, but it concluded that Chen had failed to provide sufficient evidence of further persecution. The record does not compel a contrary result. *See id.*

Substantial evidence also supports the BIA's determination that Chen's fear of future persecution is not objectively reasonable. The BIA determined that Chen failed to establish an objectively reasonable possibility of future persecution because he "is no longer in violation of population control policies, as the Chinese government now permits couples to have two children," and because he "has not established a reasonable possibility that the Chinese government is currently inclined to forcibly sterilize him or his wife." Although Chen presented evidence that local

authorities have a record of Chen and his wife's violation of the one-child policy, that evidence does not compel the conclusion that local authorities will actively pursue Chen for forced sterilization if he returns to China. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution.").

Chen therefore did not establish eligibility for asylum. For the same reasons, Chen did not meet the higher standard to establish eligibility for withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

**PETITION DENIED.**